WALTER WEBER, PETITIONER-RESPONDENT, v. CHARLES BRANDT, RESPONDENT-PROSECUTOR.

Submitted October 4, 1938—Decided January 27, 1939.

Before Justices CASE, DONGES and PORTER.

For the petitioner-respondent, *Alfred M. Cozzi* and *Edward A. Markley* (*Patrick F. McDevitt*, of counsel).

For the respondent-prosecutor, *Wall, Haight, Carey & Hartpence* (*Charles J. Gormley*, of counsel).

The opinion of the court was delivered by

PORTER, J. The writ of *certiorari* brings up for review the decision in a workmen's compensation case. Walter Weber, the respondent, was employed as a butcher's helper by Charles Brandt, the prosecutor. On December 27th, 1933, while so employed, he cut one of his fingers while cleaning a rabbit. An infectious disease known as tularemia, sometimes called "rabbit fever," developed and incapacitated him. He filed a petition for compensation and under date of January 18th, 1935, the bureau awarded him temporary disability for thirty-one weeks at $10 per week and further found that he was not suffering from any permanent disability.

On March 6th, 1936, respondent filed a petition in the bureau alleging that the disease had permanently affected his health and had caused continued disability. The bureau, after hearing, on November 19th, 1937, decided that the disability was the result of the disease in question or of a recurrence thereof and dismissed the petition. From this determination an appeal was taken to the Hudson Pleas and heard by Judge Brown who reviewed the testimony below and concluded that the prosecutor had established the fact that he had suffered a recurrence of the said disease and awarded compensation for twenty-five per cent. of total disability.

That the respondent had suffered from tularemia is not disputed. As a result the glands in his neck were affected and required surgical treatment. The attending physician testified that he attended him in February, 1936, that he then had some of the same symptoms as at first, including the glandular condition, which again required surgical treatment. It is his opinion that there was a recurrence of the disease and that the effect of it had caused permanent disability of from twenty per cent. to twenty-five per cent. of total.

Respondent was injured in an automobile accident on or about July 28th, 1935. The same physician attended him for those injuries consisting of lacerations and bruises about the head and face and a probable brain concussion. He testified that as a result of those injuries respondent suffered from dizziness and headache which were also a part of the symptoms of tularemia.

There was other medical testimony to the effect that respondent had suffered a recurrence of tularemia and was permanently disabled.

On the other hand there was medical testimony to the contrary. One of the arguments of the prosecutor on the factual situation is that the respondent's present condition is the result of the injuries he sustained in the automobile accident.

After a careful examination of the testimony we conclude that the conclusions of Judge Brown on appeal were justified and ought not be disturbed.

On the legal questions presented we find that the bureau had jurisdiction to hear the second petition. Its determination on the first petition was subject to a further petition within two years for an increase in disability. *Pamph. L.* 1931, *ch.* 279, *p.* 705; *Pasquale* v. *Clyde Piece Dye Works, Inc.*, 120 *N. J. L.* 557 (at *p.* 560), and cases therein cited. Therefore the doctrine of *res adjudicata* does not apply.

The judgment is affirmed, with costs.